Filed 8/30/17

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| In re LUIS H. et al., Minors. | B276237 |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>MORENA H.,<br><br>    Defendant and Respondent;<br><br>LUIS H. et al.,<br><br>    Appellants. | (Los Angeles County Super Ct. No. DK17782) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Julie Fox Blackshaw, Judge.  Affirmed.

Valerie N. Lankford, under appointment by the Court of Appeal, for Appellants.

Kate M. Chandler, under appointment by the Court of Appeal, for Respondent.

————————————

Minors Luis H. and Alan H. appeal from the dismissal of the dependency petition filed on their behalf pursuant to Welfare and Institutions Code[1] section 300.  We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Morena H. has four children:  Maria E. (born 2002), Leslie O. (born 2008), Luis H. (born 2012), and Alan H. (born 2016).  In 2016 the family came to the attention of the Department of Children and Family Services when Leslie O. disclosed to her teacher that her mother's boyfriend and Luis H.'s father, Manuel B., had sexually abused her.

After an investigation also revealed possible physical abuse of Maria E. by Morena H., DCFS filed a petition alleging that the four children came within the jurisdiction of the juvenile court under section 300, subdivisions (a) (serious physical harm); (b) (failure to protect); (d) (sexual abuse); and (j) (abuse of sibling).

The juvenile court conducted a contested jurisdictional hearing.  At the close of the hearing, the court dismissed the allegations of serious physical harm as to all children; concluded that Morena H. had failed to protect Leslie O. from being sexually abused by Manuel H.; and sustained the failure to protect and sexual abuse allegations under section 300, subdivisions (b) and (d) as to Leslie O. only.  The court did not sustain the subdivision (b), (d), or (j) allegations as to the other three children, saying, "I will not sustain the counts as to the siblings.  And the reason is this:  I don't have any evidence that there has been any sexual abuse of any of the siblings, including

---

[1]     Unless otherwise indicated, all further statutory references are to the Welfare and Institutions Code.

Maria [E.], the other possibly more obvious target. And I don't believe the abuse of Leslie [O.], at least based on the evidence in front of me, reaches the level of egregiousness, for instance, that was mentioned in [*In re I.J.* (2013) 56 Cal.4th 766] where it obviously puts the other children at risk. [¶] We have two young boys. I don't believe that they are—those young siblings are similarly situated. And I actually don't think Maria [E.] is similarly situated. I do think that [Manuel B.] . . . was opportunistic in that Leslie [O.] is shy, she is young, and he thought he could do it to her. I'm not sure that I can also infer that the same conduct would have been done with an older girl, a girl who would be more explicit in what was happening, a girl who actually might be able to push him away. But Leslie [O.] was a target who was vulnerable, who was shy, who is not terribly articulate. And I do believe that—that she is differently situated than the other children in the home. So I won't sustain the allegations."

The court declared Leslie O. a dependent child of the juvenile court and dismissed the petition as to the other three minors.[2] Luis H. and Alan H. appeal the dismissal of the petition with respect to the allegations under section 300, subdivisions (b) and (j).

---

[2] On our own motion, we take judicial notice of minute orders concerning subsequent proceedings in this matter. We understand from these orders that at disposition, the juvenile court ordered Leslie O. placed in the home of her mother, and that the court subsequently terminated dependency jurisdiction over her.

## DISCUSSION

Luis H. and Alan H. argue that no substantial evidence supports the juvenile court's "finding" that they were not placed at a substantial risk of harm by Morena H.'s failure to protect Leslie O. from sexual abuse by Manuel B. and by the abuse itself. Here, the minors are "essentially urging that there was insufficient evidence to support the juvenile court's finding against [their] position because evidence supports [their] position." (*In re I.W.* (2009) 180 Cal.App.4th 1517, 1527.) As the Court of Appeal observed in *In re I.W.*, characterizing the analysis as one of substantial evidence is misleading where, as here, the trier of fact has expressly or implicitly concluded that the burden of proof was not met. (*Id.* at p. 1528.)

We are aware that in *In re I.W.*, *supra*, 180 Cal.App.4th at page 1528, the Court of Appeal considered the situation in which the appellant was also the party who bore the burden of proof in the juvenile court proceedings. Here, DCFS bore the burden of proof at the jurisdictional hearing (*In re S.D.* (2002) 99 Cal.App.4th 1068, 1078 [agency that filed the petition "had the burden of proof as to each fact necessary to sustain the jurisdictional petition"]) but only Luis H. and Alan H. appeal the dismissal. We do not believe that this distinction changes the nature or standard of our review. At the jurisdictional hearing, children who are the subject of dependency petitions have the right to present evidence to the court, the right to use the process of the court to summon witnesses, and the right to confront and cross-examine witnesses. (Cal. Rules of Court, rule 5.534(g)(1).) They have the right to counsel (§ 349), and their counsel is obligated to perform investigations and to "examine and cross-examine witnesses in both the adjudicatory and dispositional

4

hearing." (§ 317.) The children's counsel is authorized by statute to "also introduce and examine his or her own witnesses, make recommendations to the juvenile court concerning the child[ren]'s welfare, and participate in the proceedings to the degree necessary to adequately represent the child[ren]." (§ 317.) Indeed, the dependency scheme contemplates children presenting evidence despite not bearing the burden of proof: "At any hearing in which the probation department bears the burden of proof, after the presentation of evidence on behalf of the probation department *and the minor* has been closed, the court, on motion of the minor, parent, or guardian, or on its own motion, shall order whatever action the law requires of it if the court, upon weighing all of the evidence then before it, finds that the burden of proof has not been met." (§ 350, subd. (c) (italics added). Here, consistent with these provisions, Luis H. and Alan H. were represented by counsel[3] who had the opportunity to present evidence at the jurisdictional hearing and who advocated for the court to sustain the dependency petition. As the children had the opportunity to produce evidence and to create a record that supported their position that they came within the jurisdiction of the juvenile court, we see no reason to depart from the general rule that "where the issue on appeal turns on a failure of proof at trial, the question for a reviewing court becomes whether the evidence compels a finding in favor of the appellant as a matter of law." (*In re I.W., supra,* 180 Cal.App.4th at p. 1528.)

Here, the juvenile court concluded that the evidence presented in support of the dependency petition was insufficient to establish that Luis H. and Alan H. were at substantial risk of

---

[3] One attorney represented Luis H., Alan H., and Leslie O. Maria E. was represented by separate counsel.

harm under section 300, subdivisions (b) and (j).  Luis H. and Alan H. have argued that the evidence showed that Morena H.'s failure to protect and Manuel B.'s sexual abuse of Leslie O. placed them at substantial risk of harm, but they have not argued or demonstrated that the evidence "was (1) 'uncontradicted and unimpeached' and (2) 'of such a character and weight as to leave no room for a judicial determination that it was insufficient to support a finding.' [Citation.]" (*In re I.W.*, *supra*, 180 Cal.App.4th at p. 1528.)  Luis H. and Alan H. have failed to meet their burden on appeal.

## DISPOSITION

The judgment is affirmed.

ZELON, J.

We concur:

PERLUSS, P. J.

SEGAL, J.

6